IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE T. HILL,                          )  No. C 05-3135 CW (PR)
                                         )
          Plaintiff,                     )  ORDER GRANTING DEFENDANT'S
                                         )  MOTION FOR SUMMARY JUDGMENT
     v.                                  )
                                         )  (Docket no. 15)
                                         )
ALAMEDA COUNTY DEPUTY SHERIFF            )
D. JONES, Badge No. 1305,                )
                                         )
          Defendant.                     )
_____  )

INTRODUCTION

     Plaintiff Willie T. Hill filed this pro se civil rights action
when he was incarcerated at the Santa Rita County Jail.  According
to the allegations in the complaint, after an altercation on April
15, 2005 with another inmate at the jail he became afraid for his
life.  He explained the situation to Defendant Deputy Sheriff D.
Jones, and asked to be moved to another housing pod because he
believed he was in imminent danger of being harmed.  Defendant
Jones told Plaintiff he would move him, but failed to do so.  As a
result, Plaintiff was assaulted by the other inmate's cousins and
friends who were returning from court.  He suffered injuries to his
head, neck, back, ribs and thighs, as well as emotional distress.

     In an Order dated July 5, 2006, the Court found that
Plaintiff's allegations presented a cognizable claim for deliberate
indifference to safety.

     Defendant moves for summary judgment.  Defendant claims that
Plaintiff's complaint constitutes a legal claim that has been
released through settlement.  (Mot. for Summ. J. at 3.)  He alleges

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

that Plaintiff's Eighth Amendment claim stemming from the April 15, 2005 incident is barred by the valid release signed by Plaintiff, which extinguishes his cause of action.  (Id.; Hillegass Decl., Ex. B.)  Defendant argues that Plaintiff cannot prevail as a matter of law on the sole cognizable claim in his complaint and, therefore, he is entitled to summary judgment as a matter of law.

To date, Plaintiff has not filed an opposition.[1]

For the reasons discussed below, Defendant's motion for summary judgment is GRANTED.

STANDARD OF REVIEW

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289.  The Court must draw all reasonable inferences in

---

[1] Plaintiff has been given two extensions of time to file an opposition.  The deadline to file his opposition was on July 8, 2007.  In an Order dated September 7, 2007, the Court noted that it had not received Plaintiff's opposition or any further communication from him, and directed Plaintiff to file a notice of his intent to prosecute.  On September 19, 2007, Plaintiff responded by writing a letter to the Court.  While his letter is difficult to decipher, the Court construes it as a notice of his intent to prosecute this action and not as an opposition to Defendant's motion for summary judgment.

favor of the party against whom summary judgment is sought.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment
are those which, under applicable substantive law, may affect the
outcome of the case.  The substantive law will identify which facts
are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).  Where the moving party does not bear the burden of proof
on an issue at trial, the moving party may discharge its burden of
showing that no genuine issue of material fact remains by
demonstrating that "there is an absence of evidence to support the
nonmoving party's case." Celotex, 477 U.S. at 325.  The burden
then shifts to the opposing party to produce "specific evidence,
through affidavits or admissible discovery material, to show that
the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409
(9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete
failure of proof concerning an essential element of the non-moving
party's case necessarily renders all other facts immaterial.
Celotex, 477 U.S. at 323.

DISCUSSION

On May 11, 2005, Plaintiff filed a prison grievance with
Deputy J. Beauchamp stating the same allegations as the present
action.  (Shaull Decl. ¶ 6; Ex. B.)  On June 29, 2005, the
Grievance Unit investigating supervisor, Sergeant K. Martinez,
referred the grievance to Santa Rita Jail Administration for
review.  (Shaull Decl. ¶ 7.)  The appeals officer and commanding
officer's designee reviewed and concurred with Sergeant Martinez's

United States District Court
For the Northern District of California

3

decision.  (Id.)

Plaintiff filed the present action on August 3, 2005.

Between September, 2005 and February, 2006, Plaintiff discussed settling his claim against the County of Alameda with Helen Guidry of Acclamation Insurance Management Services (AIMS), who was responsible for handling this matter for the County. (Hillegass Decl. ¶ 2.)

Ms. Guidry kept a call log sheet detailing the subject matter of various telephone conversations she had with Plaintiff and his mother, Gladys Anderson.  (Hillegass Decl. ¶ 4; Ex. A.)  Ms. Guidry, along with her supervisor, determined that Plaintiff's claim was worth $1,500.00.  (Id. ¶ 5.)  On December 5, 2005, Ms. Guidry received a letter from Plaintiff giving his mother permission to handle the settlement of his claim.  (Id.; Ex. E.) On December 6, 2005, Ms. Guidry offered $1,500.00 to settle the claim, and Plaintiff's mother orally accepted on his behalf. (Hillegass Decl. ¶ 5.)  On that same date, Ms. Guidry mailed a document entitled "Release of All Claims" to Plaintiff's mother, and the record shows that Plaintiff signed the release on February 2, 2006.  (Hillegass Decl. ¶ 6; Ex. B.)

The release states that in consideration for $1,500.00, Plaintiff agreed to "forever discharge" the County "from any and all claims, actions, causes of action" which Plaintiff "now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damages and consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 15th day of April,

2005 at or near the Santa Rita Jail in Santa Rita, California."
(Hillegass Decl.; Ex. B.)

On March 6, 2006, Ms. Guidry sent Plaintiff a check issued by
the County in the amount of $1,500.00 and wrote Plaintiff a letter
stating, "This is the final resolution of your claim against
Alameda County."  (Hillegass Decl.; Exs. C, D.)  On March 8, 2006,
check number 1084170 in the amount of $1,500.00 was endorsed with
the signature "Willie T. Hill" and cleared the County's account at
Union Bank of California.  (Lee Decl. ¶ 5; Ex. A.)

Defendant has presented the Court with competent evidence that
Plaintiff signed the aforementioned release and received
compensation, and Plaintiff has failed to submit any evidence to
counter Defendant's claim.  However, a release of claims under
§ 1983 is valid only if it results from a decision that is
voluntary, deliberate, and informed.  See Boyd v. Adams, 513 F.2d
83, 87-88 (7th Cir. 1975).  The conditions affecting the validity
of a release of significant federal rights are eminently a matter
of federal law, and the Court finds it unnecessary to examine
California authorities presented by Defendant.  See id. at 87.

"In the context of section 1983 waivers, several factors are
relevant:  although both parties may agree on certain facts,
including the accuracy of the transcript of the claimed settlement
conference, summary judgment is precluded when conflicting
inferences might be drawn about a party's state of mind as
reflected by objective indications."  Jones v. Taber, 648 F.2d
1201, 1204 (1981).  Courts must be solicitous in ascertaining
whether the release of a civil rights claim is valid.  See id. at
1204-05 ("The federal solicitude for claimants under section 1983

is at least as great as that for seamen and in both situations the claimant's dependence on potential defendants requires the release to be examined with particular care.").

In Jones, a county prisoner filed a § 1983 suit against county officials based on a beating administered while he was incarcerated. Id. at 1202. The district court granted summary judgment for the defendants on the ground that Jones had, in exchange for $500.00 paid to him, signed a release in favor of all the defendants. Id. Reversing the grant of summary judgment, the Ninth Circuit held that defendants who rely on § 1983 releases signed by prisoners must meet the same standard of validity applicable to maritime releases. Id. Furthermore, the court found that the fact that Jones admitted that his signature on the release was "voluntary" was not controlling and that there were objective indications of coercive pressures and a lack of understanding precluding summary judgment. Id. at 1204. The court stated that on remand, one objective factor that must be considered is the presence of a non-coercive atmosphere for the execution of the release, or how significant is the absence of such an atmosphere. Id. at 1204-05 (citing Boyd, 513 F.2d at 88). The court elaborated by stating:

> Immediately after the beating and mistreatment were sustained by Jones, he was put back into a special segregation facility. The circumstances of the original injury may thus be tied in a direct and proximate way to the release in that they may have been inherently coercive. Objective factors that might dissipate this coercive atmosphere, such as the presence of an attorney representing the releasing party or the opportunity for Jones to consider the consequences of his actions in a neutral environment, appear to have been absent. We do not foreclose a finding of a voluntary release when the release is entered into by a prisoner without presence or assistance of counsel, but these circumstances must

United States District Court
For the Northern District of California

6

1    be weighed carefully.

2    <u>Id.</u> at 1205.

3    <u>Jones</u> is distinguishable from the present case.  Plaintiff was

4    able to speak and consult with his mother during the whole

5    negotiation process.  He was also able to write to Ms. Guidry

6    directly in November, 2005, when he first found out that she was

7    handling his case, and a month later, when he decided to give his

8    mother permission to handle settlement negotiations.  (Hillegass

9    Decl.; Ex. E.)  Furthermore, the record shows that Plaintiff was no

10   longer at the Santa Rita Jail during the negotiation process

11   because his letters were sent from San Quentin State Prison, where

12   he had been transferred.  (<u>Id.</u>)  Unlike Jones, Plaintiff had the

13   opportunity "to consider the consequences of his actions in a

14   neutral environment."  <u>Jones</u>, 648 F.2d at 1205.  Plaintiff has

15   failed to provide any evidence to the contrary as he did not file

16   an opposition to Defendant's motion for summary judgment.  Upon

17   evaluating the validity of a release as set forth in <u>Jones</u>, the

18   Court finds that Plaintiff's release of his Eighth Amendment claim

19   stemming from the April 15, 2005 incident was voluntary.

20   Accordingly, the Court GRANTS summary judgment for Defendant

21   on the ground that Plaintiff had, in exchange for $1,500.00 paid to

22   him, voluntarily signed a release in favor of Defendant.

23                                CONCLUSION

24   For the foregoing reasons, the Court orders as follows:

25   1.  Defendant's motion for summary judgment (docket no. 15) is

26   GRANTED.

27   2.  The Clerk of the Court shall enter judgment in favor of

28   Defendant, terminate all pending motions and close the file.

7

**United States District Court**
For the Northern District of California

1       3.   This Order terminates Docket no. 15.

2       IT IS SO ORDERED.

3    DATED: 9/26/07

4                                              CLAUDIA WILKEN
                                               United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HILL,

          Plaintiff,

  v.

JONES et al,

          Defendant.
_____/

Case Number: CV05-03135 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brendan  Kenny
Andrada & Associates
180 Grand Avenue
Suite 925
Oakland,  CA 94612

Willie T. Hill V-79683
Alameda County Santa Rita Jail
5325 Broder Blvd
Dublin,  CA 94568

Willie T. Hill
C/O Gladys H. Anderson
1717 California Drive, Apt. 105
Vacaville,  CA 95687

Dated: September 26, 2007

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

United States District Court
For the Northern District of California